[L. A. No. 9510. Department Two.—October 16, 1928.]

HILDA B. JENKINS, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY et al., Respondents.

Henry M. Lee for Appellant.

R. L. Horton for Respondents.

RICHARDS, J.—This appeal is prosecuted by the plaintiff from a judgment in favor of the defendants in an action instituted by the plaintiff for the purpose of procuring an injunction preventing the respondents from proceeding with the sale of certain property of which the plaintiff

was the owner at the time of entering into certain transactions with one Paul G. Moorhead relating to the erection of a building upon said property, in the course of which a trust deed was executed by the plaintiff as security for certain promissory notes aggregating the sum of $20,000, and which trust deed had been transferred by said Moorhead to the Hammond Lumber Company as security for an indebtedness due from him to said corporation, and which the latter was seeking to have foreclosed at the time of the institution of the present action. The answer of the defendants was that as to the Hammond Lumber Company it was an innocent holder of the notes and of the trust deed securing the same in due course of business and had received the same without notice or knowledge of the equities which the plaintiff has undertaken to assert herein. It is the contention of the appellant, on the other hand, that, notwithstanding the fact that the agreement between herself and Moorhead was not recorded, the Hammond Lumber Company was sufficiently aware of facts relating to the business transactions of Moorhead in connection with the erection not only of the structure which was to be placed upon this property, but with other buildings and structures for the erection of which he was the contractor and the Hammond Lumber Company the institution furnishing materials and extending credit to said Moorhead in the course of his business as such contractor, as would either have furnished said corporation with actual or required it to take constructive notice as to the existing relations between the plaintiff and Moorhead, and as to the terms and conditions of the contract between them in the course of which said trust deed and the notes which it secured were given. Such was the issue presented to the trial court and regarding which a large amount of evidence was introduced upon the trial of the action; upon the conclusion of which the court made its findings of fact and conclusions of law against the plaintiff's contention and in favor of the defendants upon the particular issue as to whether the Hammond Lumber Company was the innocent holder of said securities. The judgment based upon such findings and legal conclusion was in favor of the defendants. The plaintiff prosecutes this appeal from such judgment.

In her opening brief, consisting of sixty-seven pages,

the appellant devotes her entire argument to the question as to the sufficiency of the evidence to sustain the findings and conclusions of law of the trial court, and makes no argument and cites not a single authority in dispute of the correctness of the conclusion of law of the trial court. The respondents' brief in reply is, in the main, devoted to answering the only contention made by the appellant in her opening brief as to the sufficiency of the evidence to sustain the findings of the trial court. We are satisfied from an examination of the record, to which we have thus referred, that the evidence fully supports such findings. In her closing brief the appellant for the first time undertakes to argue the sole question of law which she concedes is involved in this case, namely, as to whether upon the facts found by the trial court, assumed to be correct, the Hammond Lumber Company could be held to be an innocent purchaser of the securities, now sought to be foreclosed, for value and without notice of the plaintiff's outstanding equities therein. Without attempting to review in detail the authorities which the appellant cites in support of her belated contention, we are satisfied that from the finally admitted facts of the case the trial court drew the correct legal conclusion.

It follows that the judgment should be and it is hereby affirmed.

Langdon, J., and Shenk, J., concurred.